BANK ONE OF COLUMBUS, NA, APPELLEE, *v.* MYERS, APPELLANT.

(No. 83AP-976—Decided March 29, 1984.)

Mr. James C. Lewis and Ms. Eloise Gries Cookson, for appellee.

Messrs. White, Rankin, Henry, Morse & Mann and Ms. Barbara R. Macce, for appellant.

MOYER, J. This case is before us on the appeal of defendant-appellant, Louella J. Myers, from a summary judgment

---

rendered by the Franklin County Municipal Court in favor of plaintiff-appellee, Bank One of Columbus, NA.

Defendant purchased a mobile home with the proceeds of a mortgage loan procured from plaintiff. Defendant signed a promissory note on October 5, 1979, and plaintiff retained a security interest in the mobile home.

Alleging that the mobile home was defective and unsafe, defendant apparently brought suit against the seller and the manufacturer based on breach of warranty. When defendant defaulted on the promissory note, plaintiff apparently repossessed the mobile home, sold it, and brought suit against defendant for the deficiency.

Defendant attempted to assert her breach of warranty claim as a defense to plaintiff's cause of action. The trial court granted summary judgment for plaintiff, and defendant appeals, asserting the following two assignments of error:

"I. The trial court erred in granting judgment as a matter of law pursuant to Rule 56 of the Ohio Rules of Civil Procedure.

"II. Section 1317.032(C) is inapplicable to the instant action."

The issue presented by the first assignment of error is whether defendant can assert the defenses she has against the seller of the mobile home against plaintiff.

The parties agree that plaintiff is a holder in due course of the promissory note. See R.C. 1303.31; UCC 3-302. A holder in due course takes an instrument such as defendant's promissory note (see R.C. 1303.03; UCC 3-104) free from "all defenses of any party to the instrument with whom the holder has not dealt" (R.C. 1303.34[B]; UCC 3-305) except the real defenses listed in R.C. 1303.34, none of which is applicable here.

R.C. 1317.031, as it read prior to August 1, 1980, permitted a "* * * retail buyer who executes an installment note in connection with a consumer transaction" to assert defenses against a holder in due course which the general rule in R.C. 1303.34 would prohibit a consumer from asserting. Thus, only if R.C. 1303.34 exempts the holder in due course from the buyer's defenses does R.C. 1317.031 become relevant. If R.C. 1303.34 does not prohibit the buyer from asserting his or her personal defenses, R.C. 1317.031 need not be considered.

In the present case, R.C. 1303.34 does not prohibit defendant from asserting her defenses against plaintiff since it provides only that a holder in due course takes an instrument free from personal defenses asserted by a party to the instrument *with whom the holder has not dealt.* Since plaintiff dealt with defendant, defendant may assert her defenses against plaintiff. As a general rule, although a payee such as plaintiff can be a holder in due course (see R.C. 1303.31 [B]; UCC 3-302[B]), a payee will generally not hold the instrument free from personal defenses since a payee will usually have dealt with the drawer or maker of the instrument. See White & Summers, Uniform Commercial Code (2 Ed. 1980) 568, Section 14-7. Defendant's first assignment of error is sustained.

Defendant alleges in her second assignment of error that R.C. 1317.032(C) is inapplicable to this case. This appears to be true if for no other reason than that R.C. 1317.032 did not become effective until August 1, 1980. Furthermore, due to the definition of consumer transaction contained in R.C. 1317.01(P), R.C. 1317.032 does appear to be inapplicable to this case. Defendant's second assignment of error is sustained.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

REILLY and NORRIS, JJ., concur.